**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KELLY WALTRIP                                                                       PLAINTIFF

v.                                      No. 4:07CV00103 JLH

CONWAY HUMAN DEVELOPMENT CENTER and
MARK STITCH, Individually and in his Official
Capacity as Sheltered Living Team Leader                       DEFENDANTS

**<u>ORDER</u>**

Kelly Waltrip has brought this action against Conway Human Development Center, a division of the Arkansas Department of Human Services, and Mark Stitch, who was her supervisor when she was employed at the Conway Human Development Center, alleging that she was discharged in violation of the Family Medical Leave Act. Waltrip alleges that "in August of 2006, plaintiff began to need time off for depression, a corneal burn to her eye and to petition for adoption of her grandchild." She alleges that she was placed on leave without pay from August 11, 2006, through October 12, 2006, at which time she "was terminated for failing to follow procedure, for failing to call in and for failing to follow obligations which are not required under the FMLA."

The Conway Human Development Center has filed a motion for judgment on the pleadings based on sovereign immunity. Conway Human Development Center argues that it has sovereign immunity from claims brought pursuant to 29 U.S.C. § 2612(a)(1)(D), the self-care provision, and cites, among other cases, *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007), where the court held that an agency of the state is entitled to Eleventh Amendment immunity from a claim brought under FMLA's self-care provision.

Waltrip has responded. She does not dispute the argument that this Court is bound to follow *Miles* in holding that Conway Human Development Center is entitled to sovereign immunity as to

claims for damages brought under the self-care provision, § 2612(a)(1)(D). However, Waltrip argues that *Miles* does not require the Court to hold that Conway Human Development Center cannot be subject to a claim for money damages under § 2612(a)(1)(B), the placement for adoption provision. Furthermore, she argues that Mark Stitch can be sued in his official capacity for injunctive relief.

The Conway Human Development Center has not filed a reply brief.

In *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003), the Supreme Court held that Congress had validly abrogated sovereign immunity for 29 U.S.C. § 2612(a)(1)(C), which provides family care leave. Waltrip correctly argues that the reasoning of *Hibbs* would apply to claims brought under § 2612(a)(1)(B) – denial of leave for placement of a child with the employee for adoption or foster care – as well as the specific provision at issue in *Hibbs*, § 2612(a)(1)(C) – family healthcare as both provisions deal with care for other family members rather than self-care. *See Hibbs*, 538 U.S. 721, 123 S. Ct. 1972.

For these reasons, the Conway Human Development Center's motion for judgment on the pleadings is granted in part and denied in part. The Conway Human Development Center has sovereign immunity as to Waltrip's claims brought pursuant to 29 U.S.C. § 2612(a)(1)(D) but not for claims brought pursuant to 29 U.S.C. § 2612(a)(1)(B). As Waltrip notes, Mark Stitch did not join in the motion for judgment on the pleadings based on sovereign immunity, so no claims against him are dismissed.

IT IS SO ORDERED this 16th day of January, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

2